USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2020

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 360 Mortgage Group, LLC,<br><br>                          Plaintiff,<br>     v.<br><br>Fortress Investment Group LLC,<br><br>                         Defendant. | **STIPULATION AND PROPOSED PROTECTIVE ORDER**<br><br>No.: 1:19-cv-08760 (LGS) (SDA) |

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged during the pre-trial phase of the above-captioned action (the "Action"), whether produced before or after the entry of this Stipulation and Order, and whether produced by a party or non-party:

1. Counsel for any party or non-party (the "Disclosing Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client regarding information that is proprietary, a trade secret or otherwise sensitive non-public information. In the event such information is requested, the Disclosing Party may, in good faith, designate such Confidential Information as "CONFIDENTIAL" pursuant to the procedure set forth in paragraph 3 below.

2. The parties also acknowledge and agree that certain Confidential Information contains highly confidential and proprietary, trade secret or other particularly highly sensitive non-public information ("Highly Confidential Information") that warrants a higher degree of

confidentiality. In the event such information is requested, the Disclosing Party may, in good faith, designate such Highly Confidential Information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," pursuant to the procedure set forth in paragraph 4 below.

3. A Disclosing Party shall designate Confidential Information as follows:

   a. A Disclosing Party shall designate documents (including without limitation documents produced in response to requests for the production of documents, interrogatory answers, and responses to requests for admission) and the information contained therein as Confidential Information by placing the legend "CONFIDENTIAL" or other similar designation on any such document prior to production. Should any party, counsel of record for any party, or any person or entity not a party to this Action, who obtains access to all or any document, material, and/or information designated as Confidential Information under this Order make extracts or summaries of or from such Confidential Information, or any portion thereof, the designation "CONFIDENTIAL" shall also be stamped on or affixed to the first page of such extracts or summaries, and this Order shall be deemed to apply to such extracts and summaries.

   b. In the case of depositions or other pretrial testimony, the following procedures shall be followed:

      i. The party who notices any deposition shall provide a copy of this Order to both the officer reporting the deposition and (if applicable) the videographer.

      ii. Designation of the portion of the transcript (including exhibits) that contains Confidential Information shall be made either (a) by a statement to such effect on the record in the course of the deposition or (b) upon review of such transcript by counsel of record for the Disclosing Party, if counsel notifies opposing counsel of record of the designation within fifteen (15) days after counsel's receipt of the transcript. In connection with such a notification pursuant to this paragraph, counsel shall list the numbers of the pages of the transcript containing Confidential Information, attach the list to the transcript, and mail copies of the same to counsel of record for all parties.

      iii. The fact that a question posed at a deposition would elicit Confidential Information shall not in and of itself be grounds for an objection.

c. If any party desires at trial or at a hearing to offer into evidence Confidential Information, or to use Confidential Information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Confidential Information, which may include the offering of such Confidential Information outside the presence of persons other than court personnel, counsel of record, and persons permitted access to such Confidential Information under and subject to the terms of this Order. A party may not seek to have evidence excluded at trial or any public hearing on the basis of this Order.

4. A Disclosing Party shall designate Highly Confidential Information as follows:

a. A Disclosing Party shall designate documents (including without limitation documents produced in response to requests for the production of documents, interrogatory answers, and responses to requests for admission) and the information contained therein as Highly Confidential Information by placing the legend "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," "HIGHLY CONFIDENTIAL – AEO" or other similar designation on any such document prior to production. Should any party, counsel of record for any party, or any person or entity not a party to this Action, who obtains access to all or any document, material, and/or information designated as Highly Confidential Information under this Order make extracts or summaries of or from such Highly Confidential Information, or any portion thereof, the designation "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL - AEO" shall also be stamped on or affixed to the first page of such extracts or summaries, and this Order shall be deemed to apply to such extracts and summaries.

b. In the case of depositions or other pretrial testimony, the following procedures shall be followed:

   i. The party who notices any deposition shall provide a copy of this Order to both the officer reporting the deposition and (if applicable) the videographer.

   ii. Designation of the portion of the transcript (including exhibits) that contains Highly Confidential Information shall be made either (a) by a statement to such effect on the record in the course of the deposition or

(b) upon review of such transcript by counsel of record for the Disclosing Party, if counsel notifies opposing counsel of record of the designation within fifteen (15) business days after counsel's receipt of the transcript. In connection with such a notification pursuant to this paragraph, counsel shall list the numbers of the pages of the transcript containing Highly Confidential Information, attach the list to the transcript, and mail copies of the same to counsel of record for all parties.

iii. If no designation is made on the record, the transcript shall be presumptively Confidential Information for a period not to exceed fifteen (15) business days from the date of receipt of the transcript by counsel of record for each of the parties herein, unless prior to the expiration of this fifteen (15) business day period, counsel shall designate any portion of the transcript as containing Confidential Information or Highly Confidential Information, in the manner prescribed in this provision. Upon the expiration of this fifteen (15) business day period, any portions of the transcript not so designated shall be considered not to contain any Confidential Information or Highly Confidential Information.

iv. The fact that a question posed at a deposition would elicit Highly Confidential Information shall not in and of itself be grounds for an objection.

    c. If any party desires at trial or at a hearing to offer into evidence Highly Confidential Information, or to use Highly Confidential Information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Highly Confidential Information, which may include the offering of such Highly Confidential Information outside the presence of persons other than court personnel, counsel of record, and persons permitted access to such Highly Confidential Information under and subject to the terms of this Order. A party may not seek to have evidence excluded at trial or any public hearing on the basis of this Order.

5. The Confidential and Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this Action.

6. In the event a party challenges another party's designation of any document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

7. Entering into and/or agreeing to this Order and/or producing or receiving Confidential Information or Highly Confidential Information or otherwise complying with the terms of this Order shall not:

    a. operate as an admission by any party that any particular Confidential Information or Highly Confidential Information contains or reflects trade secrets or any other type of confidential information;

b. prejudice in any way the rights of any party to object to the production of Confidential Information or Highly Confidential Information that they consider not subject to discovery or otherwise privileged;

c. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

d. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information and/or document; or

e. prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Information or Highly Confidential Information.

8. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a. the requesting party and outside counsel, including in-house counsel;

b. employees of such outside counsel assigned to and necessary to assist in the litigation;

c. a person to whom the Confidential Information was shared at the time the document so indicates. The parties may disclose any such Confidential Information to such a person in connection with such person's deposition;

d. consultants or experts assisting in the prosecution or defense of this Action, to the extent deemed necessary by counsel; and

e. the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

9. Before disclosing or displaying the Confidential Information to any person, counsel must:

   a. inform the person of the confidential nature of the information or documents;

   b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

10. Documents containing Highly Confidential Information and designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may only be disclosed to persons in Paragraphs 8(b) through 8(e) above. Highly Confidential Information is otherwise subject to the same restrictions applicable to Confidential Information.

11. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential or Highly Confidential Information subject to all the terms of this Stipulation and Order.

12. If a party inadvertently discloses Confidential or Highly Confidential Information, the party should immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure.

13. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of the same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

14. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15. Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

16. At the conclusion of litigation, Confidential or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed upon request, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

17. Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena. However, the party receiving such a subpoena shall provide notice to the producing party that the non-producing party received a subpoena calling for such production, or of the non-producing party's intention to disclose any Confidential or Highly Confidential Information for any other reason, and provide not less than 5 business days for the producing party to seek an appropriate protective order to preclude the disclosure of any such Confidential or Highly Confidential Information.

The parties' stipulated confidentiality order is approved, except as to any provisions requiring documents to be filed under seal, which are hereby stricken. The parties shall comply with Individual Rule 1.C.3 should they want to file a document under seal. The Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. SO ORDERED.
Dated: February 3, 2020
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

SO STIPULATED AND AGREED.

Dated: January 31, 2020

SIDLEY AUSTIN LLP

By: /s/ John J. Kuster
    John J. Kuster
    Jon W. Muenz
    Attorneys for Defendant

THE LANIER LAW FIRM, P.C.

By: /s/ Alex J. Brown
    Alex J. Brown
    Jonathan P. Wilkerson
    Attorneys for Plaintiff

## Exhibit A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *360 Mortgage Group, LLC. v. Fortress Investment Group LLC*, 19-cv-08760, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____
Signed in the presence of:


_____
(Attorney)