USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/2020

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 360 Mortgage Group, LLC,<br><br>                                   Plaintiff,<br>                v.<br><br>Fortress Investment Group LLC,<br><br>                                   Defendant. | Case No.: 1:19-cv-08760 (LGS) (SDA)<br><br>**AMENDED**<br>~~PROPOSED~~ **CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  The parties do not consent to conducting all further proceedings before a United States Magistrate Judge.

2.  The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

3.  Alternative Dispute Resolution/Settlement:

    a.  Settlement discussions have not taken place.

    b.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have not agreed to the informal exchange of information at this time.

    c.  Counsel for the parties have discussed and propose engaging in a settlement conference before a Magistrate Judge following the completion of fact discovery and/or resolution of Defendant's motion to dismiss.

    d.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

4.  No additional parties may be joined after December 7, 2019, without leave of Court.

5.  No further amended pleadings may be filed without leave of Court after Plaintiff files its Amended Complaint on November 18, 2019.

6.  In the absence of a stay of party discovery, initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than December 19, 2019.

7.  Fact Discovery

a. The parties have agreed that party discovery should be stayed pending resolution of Defendant's motion to dismiss, to avoid the unnecessary expenditure of resources. Accordingly, the parties respectfully request that they be permitted to submit a proposed discovery schedule following resolution of the motion. Pursuant to the Court's October 7, 2019 Order, which requires the parties to propose dates even if they intend to request a stay of discovery, the parties propose the following deadlines to govern in the absence of a stay.

b. All fact discovery shall be completed no later than ~~July 7, 2020~~. ~~5/27/2020~~ 7/27/2020

c. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served no later than ~~January 20, 2020~~. 2/28/2020   7/27/2020

d. All document discovery shall be completed no later than ~~June 7, 2020~~. ~~5/27/2020~~

e. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served no later than ~~February 21, 2020~~. 2/28/2020

f. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ~~July 7, 2020~~. ~~5/20/2020~~ 7/27/2020

g. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served any time prior to 30 days before the close of fact discovery.

h. Any of the deadlines in paragraphs 7(b) through 7(g) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(b).

8. Expert Discovery

   a. Anticipated types of experts if any:

      At present, Plaintiff anticipates retaining an expert on lost profits damages and an expert on mortgage industry regulations and enforcement.

      At present, Defendant anticipates the use of expert witnesses, at a minimum, to address Plaintiff's alleged damages and to rebut any expert testimony proffered by Plaintiff.

   b. In the absence of a stay of party discovery, all expert discovery shall be completed no later than ~~October 16, 2020~~ ~~7/13/2020~~ 9/14/2020

   c. In the absence of a stay of party discovery, on or before ~~June 7, 2020~~, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(b).   ~~4/27/2020~~ 6/29/2020

9.     Plaintiff has demanded a jury trial.  Defendant disputes Plaintiff's right to a jury trial.

10.     Counsel for the parties have conferred and their present best estimate of the length of a bench trial is approximately ten days.  Plaintiff estimates that the best estimate of the length of a jury trial is 14 days.

11.     Status Letters and Conferences

    a.     By 60 days after the commencement of fact discovery, the parties shall submit a status letter, as outlined in Individual Rule IV.A.2.   *by 3/30/2020*

    b.     By 14 days after the close of fact discovery, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 3(c) above.   *by ~~6/10/2020~~ 8/10/2020*

    c.     On ~~XX/XX/XXXX~~ *9/29/2020* at *10:40* A.M., a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i.     A party wishing to file a summary judgment motion or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1.  Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule.  The motion will be discussed at the conference.

        ii.     If no pre-motion letters are timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.  The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions.  The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 7(h) or by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein, except as provided in paragraph 7(h), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 4, 5, 6, 7(b), 8(b)-(c) and 11(a)-(c) into the Court's calendar.

SO ORDERED.

Dated:    ~~January 17, 2020~~ ~~November 19, 2019~~ *March 30, 2020*
       New York, New York

                                                                         LORNA G. SCHOFIELD
                                                                  UNITED STATES DISTRICT JUDGE

3