

A Professional Corporation

**HOUSTON**
The Lanier Law Firm, PC
10940 W. Sam Houston Pkwy N
Suite 100
Houston, TX 77064
(713) 659-5200
Fax (713) 659-2204

**LOS ANGELES**
The Lanier Law Firm, PC
21550 Oxnard Street
3rd Floor
Woodland Hills, CA 91367
(310) 277-5100
Fax (310) 277-5103

**NEW YORK**
The Lanier Law Firm, PLLC
Tower 56
126 East 56th Street
6th Floor
New York, NY 10022
(212) 421-2800
Fax (212) 421-2878

**OKLAHOMA CITY**
The Lanier Law Firm, PC
431 W. Main, Suite D
Oklahoma City, OK 73102
(405) 243-5506
Fax (405) 698-2770

By **September 22, 2020**, Ginnie Mae ("GNMA") shall file a response letter not to exceed three pages.  The parties and GNMA shall appear for a telephone conference on **September 24, 2020, at 10:30 a.m.**, on the following conference call line:  888-363-4749, access code:  558-3333.  The time of the conference is approximate, but the parties shall be ready to proceed by that time.  By **September 18, 2020**, Plaintiff shall serve a copy of this Order on GNMA and file proof of service.

SO ORDERED

Dated:  September 17, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re:     C.A. No. 1:19-cv-8760; *360 Mortgage Group LLC v. Fortress Investment Group LLC*

Dear Judge Schofield:

Plaintiff 360 Mortgage Group LLC ("360 Mortgage") respectfully submits its pre-motion letter pursuant to Local Rule 37.2, § III.A.1, and § III.C.3 of the Court's Individual Rules and Procedures to request a pre-motion discovery conference. Specifically, 360 Mortgage intends to seek an order compelling non-party Ginnie Mae ("GNMA"), a corporation wholly owned by the United States within the Department of Housing and Urban Development ("HUD"), to produce documents and a 30(b)(6) witness for deposition.

360 Mortgage has attempted in good faith to resolve this matter and comply with all applicable local and federal rules, laws, and regulations and has conferred with the United States Attorney's Office for the Southern District of New York, which represents GNMA relating to the above-referenced subpoenas. Documents and communications between Defendant and GNMA, along with certain actions taken by GNMA, are central to the underlying claims in the case. 360 Mortgage alleges that Defendant Fortress Investment Group, LLC ("Defendant") tortiously interfered with 360 Mortgage's relationship with GNMA, which caused GNMA to terminate its contract with 360 Mortgage. Discovery from GNMA is integral to the proper adjudication of 360 Mortgage's claims in this case.

360 Mortgage has made continued and diligent attempts over the past nineteen months to procure documents and discovery from GNMA, to no avail. Furthermore, it appears that GNMA has made a final decision not to produce documents responsive to 360 Mortgage's subpoena nor a corporate representative for deposition. Because discovery closes on September 28, 2020, we respectfully request that a conference be scheduled at the Court's earliest convenience to address 360 Mortgage's proposed motion to compel and that discovery on this issue remain open until it is resolved.

*The Underlying Subpoenas and Compliance with Touhy Regulations*

As this Court is aware, 360 Mortgage initially submitted a Freedom of Information Act ("FOIA") request for relevant documents from GNMA on March 4, 2019, and a revised request, based on the FOIA office's feedback, on March 26, 2019. 360 Mortgage has been in contact with Mr. Rosenberg at the FOIA office, on average,

September 16, 2020
Page 2

_____

a few times a month to fulfill any department requirements and attempt to secure document production in a timely fashion. After approximately ten months of no real progress, 360 Mortgage served a subpoena on GNMA on January 14, 2020. Despite 360 Mortgage reaching out for updates on a regular basis, GNMA did not surface with a response until April 17, 2020—and only did so informally. Later, on May 12, 2020, the United States Attorney's Office for the Southern District of New York provided a formal response to 360 Mortgage's subpoena. It noted that "HUD has promulgated *Touhy* regulations that set out the procedure the agency must follow in responding to demands for documents or testimony from current and former HUD employees." *See* 24 C.F.R. Part 15, Subpart C; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416 (1951) and codified under 29 C.F.R. § 2.21. In response, 360 Mortgage was asked to send a written request that complied with these requirements and allowed 30 days for HUD's review.

Thereafter, 360 Mortgage continued to be in contact with the FOIA office and initially it seemed a revised document subpoena would not be needed. By late June 2020/early July 2020, however, 360 Mortgage was informed the FOIA office had limited its collection to a few of the many document request topics. Thus, 360 Mortgage revised and narrowed its subpoena to cover documents ignored by the FOIA office and to satisfy the *Touhy* regulations in its letter response on July 16, 2020.

On August 14, 2020, 360 Mortgage was informed that the original Assistant United States Attorney ("AUSA") assigned to this matter was out on parental leave, and AUSA Danielle Levine responded informally on behalf of GNMA/HUD. Later that evening, 360 Mortgage issued a subpoena to GNMA for a Federal Rule of Civil Procedure 30(b)(6) witness for deposition in connection with the underlying claims that also complied with the *Touhy* regulations. 360 Mortgage worked with the AUSA and proposed possible compromises and narrowing of the requests. GNMA, however, would not change its position and on August 31, 2020, the AUSA reported that she did not have any more information to report. Finally, on September 10, 2020, 360 Mortgage again contacted the AUSA, this time to obtain GNMA's final decision regarding 360 Mortgage's requests. To date, GNMA has not responded or given any indication of a change in its position refusing to produce documents responsive to the subpoena or a 30(b)(6) witness.

*360 Mortgage has Complied with Touhy Regulations and a Motion to Compel is Proper*

A party seeking discovery must comply with *Touhy* regulations and exhaust administrative remedies before filing a motion to compel. *In re S.E.C. ex rel. Glotzer*, 374 F.3d 184, 190, 192 (2d Cir. 2004). In the instant case, 360 Mortgage has satisfied GNMA's *Touhy* regulations and GNMA has made a final determination it will not comply.

After a party makes a proper demand, exhausts administrative remedies, otherwise follows the directives established by the agency, and the agency issues its final determination, a dissatisfied party may seek redress by filing an action in federal court. *Pollock v. Barbosa Group*, *Inc.* 478 Supp. 2d 410, 414 (W.D.N.Y. 2007) (discussing a state court case where parties sought enforcement of non-party government subpoena); *see Solomon v. Nassau Cty.*, 274 F.R.D. 455 (E.D.N.Y. 2011) (discussing when a federal agency has properly refused to comply

September 16, 2020
Page 3

---

with a third-party subpoena); *see also Manzo v. Stanley Black & Decker, Inc*., et al., No. 13CV3963JFBSIL, 2017 WL 1194651 (E.D.N.Y. Mar. 30, 2017) (analysis of proper challenge to subpoena to non-party government agency for documents and 30(b)(6) deposition witness and *Touhy* regulations).

Despite the specificity of 360 Mortgage's subpoena and additional information it provided to GNMA to comply with *Touhy* regulations, there has been no indication that 360 Mortgage's subpoenas are deficient or that 360 Mortgage failed to comply with GNMA's regulations. There has been no indication as to what, if anything, is needed from 360 Mortgage. After multiple attempts to confirm, it is 360 Mortgage's understanding that GNMA's final decision is that it will not provide a Rule 30(b)(6) witness. GNMA will not produce documents responsive to the subpoena. And GNMA, at some unknown future date, will produce documents collected in response to the March 2019 FOIA request, but only as to the few requests it has unilaterally deemed appropriate. And thus, a motion to compel is proper and warranted.

When a motion to compel is filed and a court reviews whether a federal agency has properly refused to comply with a subpoena, courts in the Second Circuit have utilized the arbitrary and capricious standard articulated in Section 706 of the Administrative Procedure Act ("APA") or the undue burden standard set forth in the Federal Rules of Civil Procedure. *In re S.E.C. ex rel. Glotzer*, 374 F.3d at 191 (noting that the standard of review is far from settled in the Second Circuit); *see Manzo*, 2017 WL 1194651, at *6; *Abdou v. Gurrieri*, No. 05-CV-3946 JG KAM, 2006 WL 2729247 at *4 (E.D.N.Y. Sept. 25, 2006).

GNMA's refusal to produce the requested documents in response to the revised subpoena and a Rule 30(b)(6) witness fails under both the arbitrary and capricious standard[1] and the undue burden standard.[2] GNMA has not even bothered to provide an explanation for its position. 360 Mortgage on the other hand has demonstrated a compelling need for this discovery.

The information sought is necessary to 360 Mortgage's claims in the instant case, and a motion to compel the documents and a deposition witness from GNMA is proper and should be granted.

Respectfully submitted,

*/s/ W. Mark Lanier*
W. Mark Lanier
*Attorney for Plaintiff 360 Mortgage Group, LLC*

---

[1] The APA requires a court to uphold the decision of an administrative agency unless the decision is arbitrary and capricious. *See* 5 U.S.C. § 706 (2018) (stating that a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

[2] *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008) ("Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv) usually raises a question of the reasonableness of the subpoena. The determination of a subpoena's reasonableness requires a court to consider whether the information is necessary and whether it is available from any other source.").