

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 3, 2021
**VIA ECF**

The Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

The application is GRANTED.  By **February 5, 2021**, Plaintiff shall file its pre-motion letter with the redactions specified at Docket No. 121.  The Clerk of Court is respectfully directed to close the entries at Docket Nos. 110 and 120.  The Clerk of Court is respectfully directed to place the entry at Docket No. 110 under seal.

SO ORDERED

Dated:  February 4, 2021
         New York, New York

Lorna G. Schofield
UNITED STATES DISTRICT JUDGE

    Re:  *360 Mortgage Group LLC v. Fortress Investment Group LLC*,
         No. 19 Civ. 8760 (LGS)

Dear Judge Schofield:

    This Office represents non-party U.S. Department of Housing and Urban Development ("HUD") in connection with the above-referenced matter. Pursuant to this Court's Order, *see* Dkt. No. 112, we write to advise the Court of whether Plaintiff's pre-motion letter, Dkt. No. 111, contains confidential information requiring submission in redacted form and under seal. HUD has no objection to the vast majority of the information filed under seal by Plaintiff being made publicly available. HUD, however, respectfully informs the Court that portions of two sentences contain confidential information. Defendant consents to this request. Plaintiff consents to this request for purposes of this filing without waiving its right to challenge at trial the information HUD is designating as confidential in this letter. For the Court's benefit, we are submitting under seal another version of Plaintiff's letter, with the identified confidential HUD information highlighted in green.

    The first highlighted green section on page 4 contains information that HUD maintains as confidential.[1] Specifically, although this information concerns Plaintiff in part, it principally relates to Ginnie Mae's terminations of other issuers who are not parties to this case. HUD customarily maintains such information concerning other issuers as confidential. Further, this Court has previously ordered that documents containing this kind of information be produced on an "Attorneys' Eyes Only" basis after HUD raised confidentiality concerns with the Court about such information. *See* Dkt. No. 89. HUD's policy regarding the confidentiality of this information is rooted in concerns regarding competitive harm to other issuers. We recognize, however, that the information, as presented in this specific letter, does not identify any other specific issuers. HUD is

---

[1] HUD's positions on the confidentiality of the information in Plaintiff's letter should not be viewed as an endorsement of any of Plaintiff's characterizations of the relevant law or facts. Further, in this letter, HUD takes no position on the confidentiality of certain testimony that is cited but not disclosed in Plaintiff's letter. To the extent that Plaintiff relies on such testimony in its summary judgment briefing, HUD will evaluate the confidentiality of that information at that time.

willing to meet and confer with the parties about how appropriate information of this kind may be presented on a non-confidential basis in the summary judgment papers, so that HUD's confidentiality interests are preserved, consistent with the public's presumptive access to court filings. HUD respectfully requests that this information remain under seal as the parties and HUD work on a proposed framework in advance of formal summary judgment briefing.

The second highlighted green section on page 4 also contains information that HUD maintains as confidential. This information concerns HUD procedures relating to how to execute issuer defaults, identifying certain federal personnel that may participate in an on-site visit to an issuer's premises. This information is maintained with the highest degree of confidentiality within HUD in order to preserve the integrity of its enforcement and the safety of the personnel involved in these events.

Last, HUD reserves the right to object to either party's use of information in a manner inconsistent with the limitations issued by HUD under its so-called *Touhy* regulations, *see* 24 CFR Subpart C *et. seq.*, including certain limitations imposed regarding the permissible scope of Mr. Mondonedo's testimony. Neither party has challenged those limits imposed by HUD

We thank the Court for its consideration of this matter.

Respectfully,

AUDREY STRAUSS
United States Attorney

By:   /s/ Charles S. Jacob
      CHARLES S. JACOB
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, NY 10007
      Tel: (212) 637-2725
      Fax: (212) 637-2702
      charles.jacob@usdoj.gov

cc: Counsel of Record (via ECF)