```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                      :
360 MORTGAGE GROUP, LLC,                              :
                              Plaintiff,              :
                                                      :           19 Civ. 8760 (LGS)
           -against-                                  :
                                                      :                ORDER
FORTRESS INVESTMENT GROUP LLC,                        :
                              Defendant.              :
                                                      :
------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the First Amendment Complaint ("FAC") asserted claims of (1) tortious interference with an existing contract; (2) tortious interference with existing and prospective business relations and (3) civil conspiracy to commit tortious interference.

WHEREAS, the Opinion and Order dated September 3, 2020, dismissed the civil conspiracy and tortious interference with prospective business relations claims.

WHEREAS, the parties' briefing in connection with Defendant's motion for summary judgment left questions unresolved regarding Defendant's potential immunity under the *Noerr-Pennington* doctrine.  It is hereby

**ORDERED** that, for the reasons explained in the Opinion and Order, regarding the *Noerr-Pennington* doctrine, the parties shall simultaneously file briefs, not to exceed fifteen (15) pages, by **April 29, 2022**, addressing (1) the extent to which the *Noerr-Pennington* doctrine should apply in these circumstances; (2) the existence, scope and applicability of the sham and corruption exceptions and (3) how the evidence in this case fits, if at all, within any exception to the doctrine and First Amendment principles more generally.  Because it is assumed that New York law applies for purposes of construing an affirmative defense to a New York cause of

1

action, the parties are reminded that on that issue, this Court is bound by decisions from the New York Court of Appeals or the Second Circuit construing New York law.  To the extent there are no such binding decisions, the parties should provide an analysis of what the law should be, i.e. a prediction of how the New York Court of Appeals would decide the issues, including any authority that persuasively discusses the issues.  It is further

      **ORDERED** that by **May 13, 2022**, the parties shall file any reply briefs, not to exceed ten (10) pages.  It is further

      **ORDERED** that by **April 29, 2022**, the parties shall file separate letters stating why the FAC should not be amended to reinstate a cause of action for tortious interference with existing business relations — i.e., Plaintiff's business relationship with GNMA — pursuant to Federal Rule of Civil Procedure 15(a)(2).  See *Pride Techs., LLC v. Khublall*, No. 19 Civ. 11315, 2021 WL 3668085, at *3 (S.D.N.Y. Aug. 17, 2021) ("[T]o prevail on a claim for tortious interference with business relations, a party must prove: (1) that it had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party.") (quoting *Stuart's, LLC v. Edelman*, No. 12560/09, 2021 WL 3177782, at *2 (2d Dep't July 28, 2021)).  It is further

**ORDERED** that, notwithstanding the foregoing, the parties shall jointly inform the Court by letter filed **April 1, 2022**, if they seek a stay of the foregoing deadlines and for how long in order to engage in settlement discussions. If so, they shall inform the Court whether they seek a referral to Magistrate Judge Stewart D. Aaron or the Court's mediation program, or whether they prefer to retain a private mediator.

Dated: March 30, 2022
      New York, New York

                                                **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**