

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 21, 2022

**VIA ECF**
The Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *360 Mortgage Group LLC v. Fortress Investment Group LLC*,
              No. 19 Civ. 8760 (LGS)

Dear Judge Schofield:

      We write respectfully to provide further information and to seek clarification regarding this Court's December 19, 2022, Order, which directed Plaintiff to file the "documents" referenced in Defendant's December 16 letter. Dkt. No. 265. That letter, in turn, stated that HUD had recently produced "documents to the parties as to which we understand that HUD had been communicating with the Court *ex parte*." Dkt. No. 264.

      First, we respectfully clarify for the parties and the Court that, although the Government produced two documents to the parties last week, only one of those documents was previously referenced in *ex parte* communications to the Court. Specifically, the first produced document is a December 2022 HUD Office of Inspector General Report entitled "Investigation of Alleged Misconduct by a Ginnie Mae Senior Vice President."[1] As the Court is aware, the Government has previously had *ex parte* communications with the Court regarding this report. The second produced document is an Issuer Extinguishment Justification Memo and Action Plan (the "Recommendation Memorandum"), which was provided as a supplement to HUD's prior *Touhy* productions in this matter.[2] The Government has not had *ex parte* communications with the Court regarding the Recommendation Memorandum.

      Given this information and the Court's direction for Plaintiff to submit documents that were referenced *ex parte*, we respectfully write to seek clarification of whether the Court is

---

[1] The version of the OIG Report produced to the parties includes certain redactions applied by HUD-OIG pursuant to the Freedom of Information Act's exemptions, subsequent to a consultation with HUD on such redactions. In addition, pursuant to HUD-OIG practices regarding the naming of third parties, OIG's final report anonymizes certain entities that were not the direct subject of HUD-OIG's investigation.

[2] The produced version of the Recommendation Memorandum includes two small redactions pursuant to the attorney-client privilege and in order to protect particularly sensitive law enforcement information.

instructing Plaintiff to submit only the OIG Report, or also the Recommendation Memorandum. The Government has no objection to the produced OIG Report being publicly filed by Plaintiff. To the extent that the Court is requesting the Recommendation Memorandum, HUD respectfully requests that it be submitted to the Court under seal, given that it contains sensitive information that is, among other things, customarily held confidential by Ginnie Mae and HUD. The Recommendation Memorandum was produced on an "attorneys' eyes only" basis pursuant to the terms governed by the operative protective order.

      We thank the Court for its consideration of this matter.

                                Respectfully,

                                DAMIAN WILLIAMS
                                United States Attorney

                       By: /s/ Charles S. Jacob
                                CHARLES S. JACOB
                                Assistant United States Attorney
                                Tel: (212) 637-2725
                                charles.jacob@usdoj.gov

cc: Counsel of Record (by ECF)